IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. NEWCOMB

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

OTIS R. NEWCOMB, APPELLEE.

Filed July 21, 2015.    No. A-14-1116.

Appeal from the District Court for York County: JAMES C. STECKER, Judge. Affirmed.

Candace Dick, York County Attorney, and Benjamin B. Dennis for appellant.

Kevin V. Schlender for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Pursuant to a plea agreement, Otis R. Newcomb pled no contest to one count of manslaughter. The district court for York County sentenced Newcomb to a term of 5 to 10 years' imprisonment. The State appeals Newcomb's sentence on the ground that it is excessively lenient. We affirm Newcomb's sentence.

### FACTUAL BACKGROUND

In the early morning hours of November 2, 2013, Newcomb was driving a vehicle when he veered from his lane and collided with an oncoming vehicle on Highway 34 in York County, Nebraska. As a result of the collision, one of the passengers in the oncoming vehicle suffered fatal injuries and was pronounced deceased at the scene. The other passengers and Newcomb sustained relatively minor injuries.

Originally, the State charged Newcomb with motor vehicle homicide. However, the State later amended the information, and eventually charged Newcomb with one count of manslaughter and one count of tampering with physical evidence. Pursuant to a written plea agreement, Newcomb agreed to plead guilty or no contest to one count of manslaughter in exchange for the dismissal of the evidence tampering charge.

On July 15, 2014, Newcomb entered a plea of no contest to the amended information. Before accepting his plea, the court advised Newcomb of his rights and the State provided a factual basis. Summarized, the State alleged that a two-vehicle accident occurred on Highway 34 in York County, Nebraska on November 2, 2013. The vehicles involved in the incident were a Chevrolet Silverado truck which was traveling westbound and a Ford Econoline van owned by the York News Times, but driven by Newcomb in the course of his employment, which was traveling eastbound. The truck contained four occupants while Newcomb was the van's sole occupant.

The Nebraska State Patrol completed an accident reconstruction which determined both vehicles were traveling at or near the posted speed limit prior to the crash. The accident reconstruction concluded that the entirety of the van Newcomb was driving had entered the westbound lane while traveling eastbound when the accident occurred. The reconstruction also determined that Newcomb did not brake or attempt to brake to avoid the crash. The truck's driver perceived Newcomb's oncoming vehicle and attempted to brake and swerve. Because of those actions, a head-on collision was avoided. The impact began in front of the driver's side front tire of the truck and continued down the driver's side. The passenger seated in the rear driver's side seat received numerous blunt force injuries from the impact and did not survive the collision. Newcomb later explained that he had looked away from the roadway to adjust the radio.

After the accident, the driver of the truck submitted to a blood test which revealed that he did not have any alcohol in his system. Newcomb denied consuming any alcohol on the night of the accident. He admitted, however, that he had consumed an entire bottle of vodka the day before. Newcomb also had his blood tested for alcohol, but the results of that test were suppressed after Newcomb's successful motion.

In the days following the accident, a relative of the deceased passenger conducted a search of the scene of the accident in the hope of finding a cell phone that had not been recovered. While searching for the cell phone, the relative discovered a bottle of vodka laying in tall grass approximately 150 feet southeast of where Newcomb's van had come to a final stop. Newcomb denied any ownership or knowledge of the bottle, but inspection of the bottle revealed that it had been purchased at a liquor store in Grand Island. Newcomb's daily route for the York News Times involved driving from York to Grand Island. Subsequent DNA testing revealed that Newcomb's DNA was located on the mouth area and inside cap of the vodka bottle.

On November 24, 2014, the district court held a sentencing hearing. The State sought the maximum sentence for Newcomb's manslaughter conviction, emphasizing that Newcomb had caused the death of another person while he was under the influence of alcohol. The State also highlighted Newcomb's Facebook posts following the accident which included commentary about automobile accidents and drinking alcohol. Newcomb argued that he had accepted responsibility for the accident and the Facebook posts were not indicative of his remorse. Newcomb also informed the court that he had attended outpatient treatment for alcohol problems while he awaited

acceptance into a more intensive program and had obligations to provide for his wife and two young children.

Prior to announcing Newcomb's sentence, the district court reviewed numerous factors that it had considered in arriving at the sentence. First, the court noted that Newcomb was 38 years old, had a seventh grade education, and was unemployed following the accident. Next, the court reviewed Newcomb's criminal history. The court stated that Newcomb's four prior DUI convictions were "extremely concerning" and emphasized that Newcomb's present offense also involved alcohol. The court also discussed Newcomb's five prior convictions for driving under revocation or suspension. The court then addressed Newcomb's actions following the accident. Based on the facts that Newcomb had not begun inpatient treatment at the time of sentencing and had minimized his alcohol use during the presentence investigation, the court doubted Newcomb's remorse and motivation to change his habits. The court noted that Newcomb continued to deny that he had a drinking problem. The court went on to discuss the victim's death as well as the injuries and traumatic impact of the accident on the survivors.

Finding probation to be inappropriate, and that treatment could most effectively be provided by commitment in a correctional facility, the district court sentenced Newcomb to a term of 5 to 10 years' imprisonment. Newcomb received credit for 27 days of time served. The State has appealed Newcomb's sentence to this court.

## ASSIGNMENTS OF ERROR

The State solely contends that the district court erred in imposing an excessively lenient sentence on Newcomb.

## STANDARD OF REVIEW

When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

## ANALYSIS

Newcomb has been convicted of manslaughter, a Class III felony. Neb. Rev. Stat. § 28-305 (Reissue 2008). Class III felonies are punishable by a minimum of 1 year imprisonment and a maximum of 20 years' imprisonment, a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Newcomb's sentence of 5 to 10 years comes within the statutory limits. Thus, we review his sentence for an abuse of discretion.

A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Parminter*, *supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. But the court must have some reasonable factual basis for imposing a particular sentence. *Id*.

In determining whether the sentence is excessively lenient, an appellate court considers the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. See Neb. Rev. Stat. § 29-2322 (Reissue 2008).

According to the presentence investigation, Newcomb has consumed alcohol since he was 17 years old. Even from a young age, when Newcomb consumed alcohol he would do so to the point of intoxication. Newcomb's drinking led to three prior convictions for DUI while he lived in Mississippi. After his third conviction in 1998, Newcomb spent a total of three years in prison. Newcomb has also been convicted of DUI in Nebraska. In 2007, he was convicted in Hamilton County for DUI and was sentenced to probation. In March 2008, Newcomb was successfully released from probation. Newcomb did not self-report an alcohol problem during the presentence investigation and the probation officer concluded that he was minimizing or denying the extent of his use of alcohol.

In addition to his convictions for DUI, Newcomb has been convicted of various other offenses. He has been convicted of driving while his license was suspended or revoked on five separate occasions. In 2008, Newcomb served a 30-day jail sentence after his fourth conviction for driving while his license was revoked or suspended. Newcomb has also been convicted of simple domestic violence and simple assault.

The presentence investigation further reveals that Newcomb is currently married and has two sons, one of whom was only 2 months old at the time of Newcomb's present offense. Newcomb spends most of his free time caring for his children and his family has been subsiding solely on his income. Newcomb's wife has heart problems and apparently needs assistance caring for their children. Newcomb has expressed remorse and is emotional when speaking about the accident. The probation officer assessed Newcomb as a high risk to reoffend and recommended the court impose a straight sentence of incarceration, but did not specify any term of years.

This is a difficult case. Newcomb clearly caused the accident which resulted in the death of another person. Although he was not ultimately charged with an alcohol-related offense, it is clear from the record that alcohol played some role in Newcomb's actions that night. The district court announced that it considered that factor along with numerous other factors before sentencing Newcomb, including Newcomb's background, the circumstances of the offense, Newcomb's prior criminal history, and Newcomb's lack of desire to make changes in his life. While the district court imposed a sentence of imprisonment, this sentence ranges from the low to middle range for manslaughter.

However, in cases such as this, we do not review the sentence de novo and the standard is not what sentence we would have imposed. See *State v. Harrison*, 255 Neb. 990, 588 N.W.2d 556 (1999); *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007). Having reviewed the factors in § 29-2322, we conclude the district court did not abuse its discretion when it sentenced

Newcomb. The court clearly considered all of the appropriate factors in arriving at its sentence. The court's sentence of imprisonment recognizes the seriousness of Newcomb's offense and removes him as a risk to public safety, albeit not for a lengthy period of time. We conclude that while the sentence may have been somewhat lenient under the circumstances, it was not excessively so.

## CONCLUSION

The district court's sentence was not excessively lenient.

AFFIRMED.